UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINDA WASHINGTON

             Plaintiff,                    Case No: 21-CV-1296

     v.

SANFORD RIVERWALK
CHURCH OF GOD, INC.

             Defendant.
_____/

## **COMPLAINT**

Plaintiff, LINDA WASHINGTON, sues Defendant, SANFORD

RIVERWALK CHURCH OF GOD, INC. ("**RIVERWALK**"), and alleges:

### **Jurisdiction and Venue**

1.      At all times material hereto, the Plaintiff was/is a citizen of the United

States, sui juris, and an employee of the Defendant.

2.      At all times material hereto, the Plaintiff was an employee and

member of a protected class within the meaning of the FFCRA and the

EPSLA.

3.      At all times material hereto, Defendant **RIVERWALK** was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FFCRA.

4.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action involves federal questions regarding the Plaintiff's rights under the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127 and Emergency Paid Sick Leave Act ("EPSLA") 29 U.S.C. 826, which are enforced through sections 15(a)(3), 16 and 17 of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216-217. See 29 C.F.R. § 826.150.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and Middle District of Florida Local Rule 1.02 because the events at-issue occurred in the Middle District of Florida.

## Background

6.      Congress enacted the FFCRA, in part, to safeguard employees impacted by the COVID-19 pandemic ("COVID-19").

7.      RIVERWALK is subject to the FFCRA.

8.      Among the FFCRA's protections is the EPSLA

9.      The EPSLA mandates covered employers to provide up to two (2) weeks of paid sick leave and job protection for employees who, among other

2

things, are (a) subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

10.     Additionally, 29 C.F.R. § 826.150 prohibits employers from discharging, disciplining, or discriminating against an employee because the employee took paid sick leave under the EPSLA.

11.     Likewise, an Employer is prohibited from discharging, disciplining, or discriminating against any Employee because such Employee has filed any complaint or instituted or caused to be instituted any proceeding, including an enforcement proceeding, under or related to the FFCRA and the EPSLA, or has testified or is about to testify in any such proceeding.

12.     Plaintiff was hired by RIVERWALK in October 2019.

13.     Plaintiff informed RIVERWALK that her Husband had contracted COVID-19 and that she was caring for him.

14.     On or about December 11, 2020, Plaintiff reported to the Centra-Care where she was informed that she tested positive for Covid-19.

15.     Centra-Care advised the Plaintiff to self-isolate due to concerns related to Covid-19

3

16.     On or about December 12, 2020, the Plaintiff informed
RIVERWALK that she had tested positive for Covid-19 and that she was
ordered into isolation by her healthcare provider.

17.     RIVERWALK then advised the Plaintiff that she was required to
show two (2) negative test results prior to returning to work.

18.     On or about December 21, 2020, the Plaintiff advised RIVERWALK
that she had obtained her first negative Covid-19 test result.

19.     On or about January 7, 2021, RIVERWALK abruptly terminated
plaintiff's employment before the Plaintiff could provide her second
negative Covid-19 test result.

20.     RIVERWALK failed to pay the Plaintiff her regular rate of pay during
the two-week time period that Plaintiff was unable to work due to herself
having Covid-19.


## COUNT I – VIOLATION OF THE FFCRA / EPSLA


21.     Plaintiff re-alleges and incorporates by reference the allegations in
Paragraphs 1 through 20 above as if fully set forth herein.

22.     The FFCRA / EPSLA requires employers to provide up to two weeks
of paid sick leave and job protection for employees who, among other

things, are (a)subject to a governmental quarantine or isolation order related to COVID-19 or (b) advised by a health care provider to quarantine or self-isolate due to concerns related to COVID-19.

23.     These paid leave provisions apply to leave taken between April 1, 2020, and December 31, 2020.

24.     Paid sick time under the FFCRA / EPSLA must be granted in addition to any pre-existing paid leave benefits provided.

25.     The EPSLA also prohibits employers from requiring employees to use or exhaust their paid time off before availing themselves of paid leave under the Act.

26.     Plaintiff was entitled to up to two weeks (or 80 hours) of paid sick leave pursuant to the FFCRA / EPSLA because she was advised by health care providers to self-quarantine due to COVID-19 related concerns.

27.     Yet, RIVERWALK blatantly disregarded its obligations under the FFCRA / EPSLA by refusing to pay Plaintiff her regular wages at her regular rate of pay, $11.00 per hour, during the two-week period.

28.     An Employer who fails to provide its Employee Paid Sick Leave under the FFCRA / EPSLA is considered to have failed to pay the minimum wage as required by section 6 of the FLSA, 29 U.S.C. 206, and shall be

subject to the enforcement provisions set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

29.      RIVERWALK'S violation of the FFCRA / EPSLA's requirements was willful.

30.      As a direct and proximate result of RIVERWALK'S violation of the FFCA / EPSLA, Plaintiff has been damaged.

## COUNT II – RETALIATION

31.      Plaintiff re-alleges and incorporates by reference the allegations in Paragraphs 1 through 20 above as if fully set forth herein.

32.      The FFCRA / EPSLA prohibits employers from discharging or otherwise discriminating against any employee because the employee took qualifying paid sick leave.

33.      Plaintiff took qualifying leave due to COVID-19.

34.      Plaintiff's leave due to COVID-19 was protected activity.

35.      Despite the FFCRA's   and the EPSLA's requirements, RIVERWALK unlawfully terminated Plaintiff after she took leave as a result of her contracting Covid-19 and was been advised by a health care provider to self-quarantine due to concerns related to COVID-19.

36.     An Employer who discharges, disciplines, or discriminates against an Employee in the manner described in subsection 29 CFR § 826.150 (a) is considered to have violated section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), and shall be subject to the enforcement provisions relevant to such violations set forth in sections 16 and 17 of the FLSA, 29 U.S.C. 216, 217.

37.     RIVERWALK violated Plaintiff's right under the FFCRA / EPSLA and FLSA.

38.     Plaintiff's termination was an adverse employment action.

39.     A causal connection exists between Plaintiff's protected activity and adverse employment action.

40.     As a direct and proximate result of ACME's retaliation, Plaintiff suffered damages.

**WHEREFORE**, Plaintiff respectfully requests that the Court:

a.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any practice which violates the FFCRA or EPSLA;

b.     Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages and benefits, including front pay, back pay with

prejudgment interest, liquidated damages, and other remuneration for physical and mental pain, anguish, pain and humiliation from being terminated due to the loss of his long-term employment as a result of Plaintiff's diagnosis and taking of sick leave;

     c.    Award attorney's fees and costs pursuant to FFCRA and EPSLA;

     d.    Award punitive damages; and

     e.    Award any other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby requests a trial by jury with respect to all claims so triable.

Dated this 12th Day of August, 2021.

/s/ Christopher V. Butler
Christopher V. Butler, Esq.
Fla. Bar No. 127104
**BUTLER LEGAL P.A.**
200 E. Commercial Street St#2
Sanford, FL  32771
T: 407-347-2532
F: 407-705-3623
E: cvbutlerlaw@gmail.com

8